CHASEZ, Judge.
This is an appeal from a judgment of the First City Court of New Orleans dismissing plaintiff’s suit in which he sought to recover $900.00 for the cost of repairing damages caused by a leaking roof.
Leo Bówie, d/b/a Bowie Construction Company, plaintiff-appellant (referred to as Bowie), contracted with the Holy Savior Church at Lockport, Louisiana, to repair the interior of the Church which had been damaged by Hurricane Betsy. National Roofing & Siding Co., Inc., defendant-appellee (referred to as National), also entered into a contract with Holy Savior Church to repair damages to the roof of the Church caused by Hurricane Betsy. Neither contractor was associated with the other; both were hired separately by the Church.
The record does not indicate when the work began on the roof or on the interior of the Church. It does show, however, that repairs were being made to the roof and to the interior of the Church at the same time. Bowie testified that he completed his work after the roof was supposed to have been completed. The testimony indicates that both jobs were completed before the rain began which damaged the interior portion of the Church that Bowie had already repaired.
*466 Bowie testified that repairing the damage caused by the rain involved reinstalling 40. feet of scaffolding; remolding, replas-tering, and repainting a 35 foot right plaster beam; replacing ceiling tile in the left wing and border; replacing ceiling tile in (sic) border in right and left sides of auditorium ; replacing ceiling tile and border in Baptism room; removing wet insulation and making temporary repairs to protect the ceiling, all of which cost the sum of $900.00.
At the trial Bowie attempted to show that there had been an agreement with or authorization by National for Bowie to make the repairs and that National would pay for them. He stated that the authorization had been made over the telephone. However, on cross-examination he admitted that he did not know who the owner of National was, did not know to whom he had talked, did not remember the date of the telephone call, and did not know from where the call was made. He stated that the Pastor of Holy Savior Church had told him the roof was leaking and for him to call National. Bowie sent National an unitemized bill for $900.00. National then requested an itemized statement from Bowie and an acceptance from the Pastor that the repairs were satisfactory. On January 10, 1966 Bowie sent the itemized bill for $900.00 on which the Pastor, Father Richaud, had accepted the work as satisfactory.
Mr. Julian J. Loeb, owner and president of National Roofing & Siding Co., Inc., stated that Father Richaud had communicated with him and advised him that there were leaks in the roof and that he had visited the site and contacted the contractor who was painting the interior, who pointed out the leaks. However, Loeb emphatically denied that he, or anyone in his organization, contracted with or authorized anybody to repair the damage caused by the leaks, stating that he had his own painters who could perform touch-up jobs if they were needed. He denied that he was contacted by Bowie or by any agent of Bowie’s. He testified that he did not become cognizant of the fact that the repairs had been made until he received the invoice from Bowie. He denied that there was ever any long-distance telephone call from Bowie. He admitted that when he received the unitemized statement for $900.00 he requested an itemized bill which he received.
These two men were the only witnesses to testify at the trial. The Pastor, Father Richaud, was not called.
The trial judge obviously believed the testimony of Mr. Loeb of National Roofing. An examination of the record convinces us that the evidence preponderates in defendant’s favor. We find there was no agreement or authorization between National and Bowie, and, of course, absent an agreement between these parties there is no basis for recovery excontractu by Bowie against National. As heretofore stated, each was hired separately by the Church. Therefore, there being no agreement between the parties, we are constrained to affirm the judgment of the lower court in this respect.
In this court Bowie pleads that he should be allowed recovery herein based on a tort theory. This alternative was urged in his appéllate brief, as well as in his oral argument to the court. However, in his original petition plaintiff did not allege negligence of the defendant and a careful examination of the record discloses that at the trial on the merits no attempt was made whatsoever to prove the defendant was negligent. There is no credible evidence in the record to support plaintiff’s belated plea of negligence. Therefore, plaintiff cannot recover on any theory sounding in tort.
For the reasons assigned, we hereby affirm the decision of the court a quo, dismissing plaintiff’s suit, at his cost. Costs of appeal are to be borne by plaintiff-appellant.
Affirmed.